**KRAUSS v. LARSON et al.**

No. A–7560.

District Court, Alaska,
Third Division, Anchorage.
April 28, 1952.

Bell & Sanders, Anchorage, Alaska, for plaintiff.

Davis & Renfrew, Anchorage, Alaska, for defendants.

FOLTA, District Judge.

The defendants Northern Commercial Company and Hays have separately moved to dismiss the complaint on the ground that it fails to state a claim against them.

The complaint alleges that the Northern Commercial Co. is in the business of operating a garage and selling automobiles; that the defendant Hays is the manager and the defendant Larson the assistant manager; that it maintains apartments over its place of business and, by way of additional compensation, allows certain of its employees, including the defendant Hays, to occupy such apartments at nominal rentals. It is further alleged that while the plaintiff was visiting a tenant or occupant of one of the apartments, she was assaulted in the corridor by the defendant Larson and that the defendant Hays aided and assisted the defendant Larson by forcibly restraining plaintiff's husband for the purpose of preventing him from rescuing plaintiff.

The defendant contends that these acts on the part of the defendants Larson and Hays were not within the scope of their employment for which their employer, the defendant Northern Commercial Co., could be held liable. The plaintiff relies on the so called bunkhouse rule of workmen's compensation cases. I am of the opinion that this rule is not applicable to the case at bar for the purpose of determining the lia-

bility of the defendant Northern Commercial Co. and that the test is that set forth in 1 Restatement, Agency, Secs. 228–9; 35 Am.Jur. 995, Sec. 561. Applying that test, it would clearly appear that the acts alleged on the part of the defendants Hays and Larson were without the scope of their employment. The motion is therefore granted as to the Northern Commercial Co. but denied as to the defendant Hays.

Defendant Hays has also moved to strike paragraph 4 of the complaint on the ground that it violates the rules of pleading in that it is not simple, concise and direct. A glance at paragraph 4 will suffice to show that it is indeed prolix and contrary to the letter and spirit of the rules of pleading. Accordingly the motion to strike is granted.